Andres Diaz **REYES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42226.

Court of Criminal Appeals of Texas.

July 16, 1969.

Rehearing Denied Oct. 15, 1969.

Polk Hornaday, Harlingen, for appellant.

Oscar B. McInnis, Dist. Atty., Allyn Zollicoffer, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is aggravated assault on a police officer; the punishment, 30 days in jail.

The sole ground of error presented to this Court in oral argument was that the

evidence was insufficient to support the conviction. We shall address ourselves to this ground first.

It was shown by the State's witness that appellant entered a filling station early in the morning and without provocation assaulted the man in charge. A customer who viewed the assault went immediately to the police station and reported the same. Two policemen went at once to the station where the attendant said "this is the man", indicating appellant. In their effort to take appellant into custody the two policemen were violently attacked. One sustained a broken arm and the other received several kicks in the groin.

The jury did not accept appellant's version that the filling station attendant attacked him and that he did not kick the policemen until after he had been hit on the head by a blackjack.

We find the evidence abundantly sufficient to support the conviction and shall discuss the other grounds of error set forth in appellant's brief.

We find no error in the court's definition of a "Breach of the Peace". It is substantially in accord with that approved by this Court in Woods v. State, 213 S.W.2d 685.

We find no error in the use of the word "unanimously" in that portion of the court's charge concerning the jury's verdict.

We agree with the trial court that he properly refused the requested charges because they were covered by the charge which he had given.

Finally we conclude that appellant's contention that 30 days confinement in jail constitutes cruel and unusual punishment is without merit. Had it not been for counsel's valiant efforts a jury normally would have rendered a far more severe punishment.

Finding no reversible error, the judgment is affirmed.